COLUMBUS C. HOPKINS, Respondent, v. CENTRAL PACIFIC RAILROAD COMPANY, Appellant.

No. 4884; February 7, 1876.

**Railroads.**—A Law Requiring Signals in Case of a Moving Train approaching a street crossing has no reference to the management of cars in the making up of freight trains and loading them between crossings.

APPEAL from Tenth Judicial District, Yuba County.

P. Van Clief for respondent; W. C. Belcher for appellant.

By the COURT.—The motion for a nonsuit was, under the circumstances, properly denied. But the court erred in giving to the jury the first instruction. The statute recited in that instruction has reference to the management of a train of cars in motion and approaching a street crossing, and provides that unless the required signal of its approach be sounded, as therein provided, the company shall be liable for all damages sustained.

But the statute has no applicability to the management of cars in making up freight trains and loading them between street crossings.

The failure to ring the bell or give the required signal under such circumstances is not, as in the other case, made negligence per se; but the question of negligence is to be determined by the application of general principles of law to the facts of the case. The instruction given had a tendency to

mislead the jury in this respect, and we think that for this reason a new trial should have been granted.

Judgment and order denying a new trial reversed and cause remanded for a new trial.

Rhodes, J., expressed no opinion.